# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# (RICHMOND DIVISION)

| | |
|---|---|
| **CENTRAL CITY TOWING, LLC,**<br><br>               **Plaintiff,**<br><br>v.<br><br>**SPIRIT COMMERCIAL AUTO RISK RETENTION GROUP,**<br><br>               **Defendants.** | Civil Action No. 3:18cv830 |

## COMPLAINT

COMES NOW, Central City Towing, LLC ("CTT"), by counsel, and states as a Complaint for judgment against Defendants Spirit Commercial Auto Risk Retention Group, Inc. ("Spirit") and in support of this Complaint states as follows:

## NATURE OF THIS ACTION

This is an action by CCT, a Virginia limited liability company authorized to do business in the Commonwealth Virginia against Spirit. Spirit is the surety, and endorser/issuer of the MCS 90 endorsement created by 49 USC §13906(a) for a trucking company known as W&G Transportation, Inc. ("W&G"). CCT obtained a judgment against W&G Transportation, Inc., which judgment is covered by the MCS 90 endorsement issued by Spirit. Spirit is also the liability carrier for W&G and has failed to pay CCT under the terms of that policy. CCT has asserted a claim for payment of the judgment against Spirit which Spirit has declined to pay. CCT seeks, in this action, a Judgment Order against Spirit.

## JURISDICTION AND VENUE

This court has jurisdiction of the civil action pursuant to 28 USC Code §1332 in that plaintiff, CCT is a Virginia limited liability company and its principal place of business is located in the Commonwealth Virginia. Defendant, Spirit is incorporated in the State of Nevada and maintains its principal place of business in the State of Missouri. Upon information and belief there is complete diversity of citizenship between the parties in this matter and the amount in controversy exceeds $75,000, exclusive of interest and costs.

Venue is proper in this jurisdiction under 28USC Code §1391 in that a substantial part of the events giving rise to this claim occurred within the United States District Court for the Eastern District of Virginia, Richmond Division.

## CLAIM FOR RELIEF

1. CCT is a Virginia limited liability company engaged in the business of major accident remediation, site remediation, environmental mediation and property damage abatement.

2. CCT is a charter member in the Virginia Department of Transportation's Towing and Recovery Pilot Program ("TRIP") in that it is assigned a certain designated zone of busy interstate in which it is designated to respond and required to effectuate lane clearances within 90 minutes or as quickly as possible. The purpose of TRIP is to limit the impact of lane closures including cost and inconvenience to the motoring public and costly delays to commercial carriers and commercial vehicles. TRIP requires that program participants have at

the ready millions of dollars of equipment and personnel on a moments notice to handle the substantial calamities that TRIP is intended to mitigate.

3. W&G, is a national registered interstate motor carrier bearing DOT number 259-7981. W&G carries cargo on interstate highways and it carries with it an MCS 90 endorsement to its policy of liability providing surety for payment of judgments and damages arising out of public liability mitigation, property damage, and environmental mitigation restoration resulting from accidents and for which it is liable based upon negligence.

4. On or about January 30, 2018, a green Freightliner truck bearing Georgia license IC90FD and a trailer bearing Georgia license TL73H51 were both negligently operated and, as a result, turned over and came to rest on a heavily sloped embankment on the side of Interstate 95.

5. CCT was called by the Virginia Department of Transportation and Virginia State police under TRIP to abate the hazards, abate the public risk, minimize property and personal injury damages, and contain and clean the accident scene and keep chemicals and debris from spilling into the Appomattox River or onto Interstate 95.

6. Employing 14 different pieces of heavy equipment and other machinery and some 40 personnel over 12 hours CCT, was able to successfully accomplish mitigation of the risk of environmental hazard, public liability and property damage.

7. CCT took substantial risk handling a damaged and unstable trailer alongside a major highway late into the evening and morning hours of January 31, 2018. The vehicles were leaking toxic fluids and presented fire hazards as well as crush and obstruction hazards.

8. CCT then invoiced W&G, the invoice reflects charges which are all reasonable and necessary in order for CCT to discharge its obligation to perform the TRIP services which were requested by the Virginia Department of Transportation and Virginia State Police.

9. The reasonable and necessary costs associated with all of the CCT services relate to the negligent operation of the W&G vehicles at the date and time in question and are all proximately caused by the negligence operation those vehicles.

10. Despite being legally liable to pay CCT, W&G failed to pay CCT and this failure has damaged CCT in that it expended significant resources and assets in the containment and abatement of an accident scene that was caused solely by the negligence of W&G.

11. CCT sued W&G in this court *Central City Towing, LLC v. W&G Transportation, Inc., Case No.: 3:18-cv-00589* and on or about October 26, 2018, CCT obtained a judgment against W&G for cost associated with the statement for property damage and mitigation of risk and work performed by CCT with respect to the negligent accident by W&G. A copy of that Judgment Order is attached hereto as Exhibit A.

12. CCT has submitted both the claim and the judgment to Spirit. Whatever amounts are not covered by the underlying coverage are covered by the MCS 90 endorsement as a matter of law. Spirit has declined payment indicating that certain amounts for claim were not otherwise covered by the liability policy held by W&G. The full amount of the CCT claim is owed by Spirit either as a liability carrier or an MCS 90 endorser.

13. CCT has presented this judgment in its proper form to Spirit and has made demand for payment based upon Spirit's issuance of the MCS 90 endorsement and its liability under the MCS 90 endorsement.

14. As a matter of law, Spirit must satisfy the judgment rendered against W&G in favor of CCT under the terms of either the liability policy or the Spirit MCS 90 endorsement.

15. Spirit has denied liability and refused payment. This denial is in contradiction to Spirit's obligations as an insurer and as the issuer of the MCS 90 endorsement. Spirit has no legal justification to deny payment.

16. Spirit's denial of payment under the existing liability policy or the MCS 90 endorsement has damaged continues to damage CCT.

WHEREFORE, CCT respectfully prays that this Court enter an order for judgment against Spirit on behalf of CCT in an amount of the judgment rendered against W&G which includes ONE HUNDRED FORTY-TWO THOUSAND AND NO/100 DOLLARS ($142,000) in principal and interest from October 26, 2018 plus all costs and fees associated with bringing this action.

Dated:  12/3/18                                           CENTRAL CITY TOWING, LLC


By  /s/ S. Sadiq Gill

S. Sadiq Gill, Esquire (VSB #30835)
Durrette, Arkema, Gerson & Gill PC
1111 East Main Street
16th Floor
Richmond, Virginia 23219
Telephone:  (804) 775-6900
Facsimile:  (804) 775-6911
sgill@dagglaw.com